UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| James Thomas Holland, Jr., | ) | C/A No. 9:18-3594-JFA-BM |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| Administrator John Vandemosten; Madden, Operational Staff Officer; Executive Ronald Hollister; and Major Marshal Stowers, | ) | |
| Defendants. | ) | |

The *pro se* plaintiff was a pretrial detainee at the Greenville County Detention Center at the time he filed this action pursuant to 42 U.S.C. § 1983. He alleges that he was not treated humanely while in the defendants' custody and that he was verbally abused.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that this court should dismiss the action without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for lack of prosecution and failure to comply with court orders. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

a recitation.

The Magistrate Judge has issued a proper form order in this case, advising the plaintiff that that if he failed to bring his case into proper form, the action may be dismissed for failure to prosecute. *Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989); Davis v. Williams, 588 F.2d 69 (4th Cir. 1978)*; Fed. R. Civ. P. 41(b). The plaintiff did not file a response.

The plaintiff was also advised of his right to file objections to the Report and Recommendation, which was entered on the docket on April 8, 2019 (ECF No. 12). However, the plaintiff did not file objections and the time within which to do so has now expired. In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

None of the documents mailed to the plaintiff by the clerk of court have been returned by the U.S. Postmaster as of the date of this order. Nor has the plaintiff satisfied the requirements for proceeding with the case set out in the Magistrate Judge's proper form order. The Magistrate Judge has allowed the plaintiff ample time to amend and correct his complaint, and respond to the court's orders, yet the plaintiff has failed to do so. A review of the docket reveals that the plaintiff has not notified the Clerk of any address change.

After carefully reviewing the applicable laws and the record in this case, this court

accepts the Magistrate Judge's Report and Recommendation and finds that that the Report fairly and accurately summarizes the facts and applies the correct principles of law.

Accordingly, this action is dismissed without prejudice for lack of prosecution pursuant to Rule 41(b).

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

May 20, 2019
Columbia, South Carolina